**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KYLE FRANK,

          Petitioner-Appellant,

v.

A.W. LIZARRAGA,

          Respondent-Appellee.

No.   16-16267

D.C. No. 2:14-cv-01011-JKS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,** District Judge.

     Petitioner-Appellant Frank appeals the district court's order denying his

petition for a writ of habeas corpus. He argues that the state trial court violated the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Sixth Amendment by dismissing the lone holdout juror during deliberations. Juror No. 9 was removed under California Penal Code § 1089 ("Section 1089") after it came to light that he failed to disclose during voir dire that he had been shot during a home invasion robbery. We review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and we affirm.

1. The California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established law. 28 U.S.C. § 2254(d)(1). This Court has repeatedly recognized the lack of clearly established law governing the dismissal of jurors and previously concluded that the "Sixth Amendment does not entitle a defendant to require retention of a biased juror." *Bell v. Uribe*, 748 F.3d 857, 865, 869 (9th Cir. 2014). Frank fails to identify clearly established law to the contrary. His reliance on *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), is misplaced. That case does not clearly establish that a trial court violates the Sixth Amendment by dismissing during deliberations a holdout juror; it was a civil case that did not purport to interpret or set forth any constitutional basis. *Id.* at 553-54.

2. Because there is not clearly established law in this area, this Court instead analyzes challenges to the mid-deliberations dismissal of a juror under the framework set forth in *Perez v. Marshall*, 119 F.3d 1422 (9th Cir. 1997). *See, e.g.,*

*Sanders v. Lamarque*, 357 F.3d 943, 944 (9th Cir. 2004). In reviewing the application of Section 1089, we have held that removal of a holdout juror does not violate the Sixth Amendment where it was based on "good cause" and where there was "no evidence to suggest that the trial court's decision was motivated by . . . [the juror's] views on the merits"—i.e., because the juror was the lone holdout. *Perez*, 119 F.3d at 1426.

Under this framework, the California Court of Appeal's conclusion that there was a "demonstrable reality" that the holdout juror engaged in misconduct by failing to disclose the shooting was not based on an unreasonable determination of facts under 28 U.S.C. § 2254(d)(2). The state court found on direct appeal that the juror questionnaire asked "directly" whether "[he], a close friend or relative [had] ever been a victim of crime." Instead of answering yes, Juror No. 9 answered no. Although Juror No. 9 corrected his initial "no" to "yes" during *voir dire*, it was not unreasonable for the state court to discount this correction because the answer given still was not wholly truthful: Juror No. 9 did not disclose that *he* had been the victim of a shooting crime, only that he had witnessed a burglary. Furthermore, Juror No. 9 should have been on notice during *voir dire* that his being shot was relevant because, as the state court found, multiple prospective jurors disclosed experiences with assault and violence before he was questioned. Finally, the

California Court of Appeal noted that there was juror testimony that when Juror No. 9 was selected as a juror, he stated, "I made it." Although the trial court initially did not have "an issue" with this purported comment, it was not unreasonable to conclude that this comment was relevant after additional information was developed about the nature of Juror No. 9's experience with gun violence. Based on this record, we cannot say that it was objectively unreasonable for the state court to conclude that there was a "demonstrable reality" of "good cause" under Section 1089 to remove Juror No. 9.

**AFFIRMED.**